UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>CARLOS RAFAEL BERMUDEZ BASTARD,<br><br>Defendant. | No. 15-cr-605-2 (RJS)<br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

Carlos Rafael Bermudez Bastard moves for an early (and immediate) termination of his term of supervised release. (*See* Doc. No. 266 ("Mot.").) For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On April 14, 2016, Bermudez Bastard pleaded guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 841. (*See* Doc. No. 85.) Thereafter, on November 18, 2016, this Court sentenced him to a term of 120-months' imprisonment, to be followed by a five-year term of supervised release. (*See* Doc. No. 115.) On December 25, 2024, President Biden commuted Bermudez Bastard's sentence, but the commutation order expressly left "intact and in effect . . . the term of supervised released imposed by the court with all its conditions and all other components of [his] sentence." (*See* Doc. No. 260.) On March 17, 2026, Bermudez Bastard, proceeding *pro se*, moved pursuant to 28 U.S.C. § 3583(e)(1) to terminate his term of supervised release, which is currently scheduled to end on December 19, 2029. (*See* Mot. at 2–3.) The government opposes the motion. (*See* Doc. No. 271.)[1]

[1] The United States Probation Service ("Probation") does not oppose the motion.

## II. DISCUSSION

A district court may terminate a term of supervised release if (i) the supervisee has completed "more than one year" of his previously imposed term of supervision, and (ii) the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making that assessment, the court must consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" of Title 18, which address "general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency." *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997). In addition, the court must consider "any pertinent policy statement[s]" issued by the United States Sentencing Commission, 18 U.S.C. § 3553(a)(5), including its 2025 amendments to section 5D1.4 of the United States Sentencing Guidelines. These amendments identify six supplemental factors that "court[s] *may* wish to consider," including (i) "any history of court-reported violations" by the supervisee; (ii) "the ability of the [supervisee] to lawfully self-manage;" (iii) whether the supervisee has substantially complied "with all conditions of supervision;" (iv) whether the supervisee has engaged "in appropriate prosocial activities;" (v) whether the supervisee has "demonstrated [a] reduction in [the] risk level" assigned to him by Probation; and finally (vi) "whether termination will jeopardize public safety, as evidenced by the nature of the [supervisee's] offense, the [supervisee's] criminal history, the [supervisee's] record while incarcerated, the [supervisee's] efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant." U.S.S.G. § 5D1.4 cmt. n.1(B) (U.S. Sent'g Comm'n 2025) (emphasis added). Although the district court must engage in an "individualized assessment of the need for ongoing supervision" of the supervisee, U.S.S.G. § 5D1.4(b), the decision of whether to grant early

termination of supervised release ultimately "rests within the discretion of the district court," *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010) (citing *Lussier*, 104 F.3d at 36).[2]

Here, there is no dispute that Bermudez Bastard has completed more than one year of his term of supervised release. Nevertheless, having engaged in "an individualized assessment of the need for ongoing supervision" in light of the relevant factors set forth in both section 3553(a) and U.S.S.G. § 5D1.4(b), the Court concludes that early termination of supervised release is not warranted. Bermudez Bastard asserts as grounds for early termination that "he has fully complied with every condition imposed by the Court and the United States Probation Office." (*See* Mot. at 2.) He also claims to have "maintained a stable employment, supported his family, sustained a stable residence, and satisfied all criminal monetary penalties." (*See* Mot. at 2; Doc. No. 272 at 4.) Probation concurs in this assessment, which the Court weighs in its analysis of Bermudez Bastard's motion. (*See* Doc. No. 271 at 2; Doc. No. 272 at 3–5; *see also* U.S.S.G § 5D1.4(b) (directing courts to determine early-termination motions "following consultation with the government and the probation officer").) Probation also notes that although he has not "demonstrated [a] reduction in [the] risk level" assigned to him by Probation, U.S.S.G. § 5D1.4 cmt. n.1(B), Bermudez Bastard has nonetheless maintained a low Post-Conviction Risk Assessment level of two. (Doc. No. 272 at 4.) This course of conduct is certainly commendable.

On balance, however, the Court finds that early termination of supervised release would be inappropriate given the need to maintain adequate deterrence and to protect the public from further

[2] Although Bermudez Bastard successfully moved, over the government's opposition, for early termination of a concurrent term of supervised release imposed following his conviction in the District of Puerto Rico, *see United States v. Bermudez-Bastard*, No. 3:16-cr-00154-8 (JAG) (D.P.R. Mar. 11, 2026) (Doc. No. 857) (text-only order granting motion), this court has an independent, statutory obligation to assess whether the factors set forth in section 3583(e), the conduct of the defendant, and the interest of justice support early termination.

crimes of the defendant. *See* 18 U.S.C. § 3583(e) (requiring the Court to consider the factors provided in section 3553(a)(2)(B) and (a)(2)(C)). While Bermudez Bastard contends that supervision is no longer necessary to deter him from further criminal conduct or protect the community (*see* Mot. at 2), his previous track record while under court supervision suggests otherwise. Following his arrest in this case, Bermudez Bastard was released on a recognizance bond that required home confinement and electronic monitoring. (*See* Doc. No. 5.) Several months later, the Court granted a modification of those bail conditions to allow Bermudez Bastard to attend his son's sports games. (*See* Doc. No. 52.) Notwithstanding Bermudez Bastard's pledge that he would comply with the law and all the terms of his bail (Doc. No. 10), Bermudez Bastard brazenly resumed his criminal activity by engaging in a scheme to pick up approximately 80 kilograms of cocaine in Puerto Rico – conduct that the Court described at sentencing as "outrageous" and a significant "breach of trust." (*See* Sent'g Tr. at 37:1–19.). That conduct counsels against early termination here, both to maintain adequate deterrence and to protect the community from dangerous, drug-related conduct. *Cf. United States v. Gammarano*, 321 F.3d 311, 316 (2d Cir. 2003) (affirming the denial of a motion for early termination where the supervisee "violated the conditions of his supervision immediately upon his prior release from custody").

To be sure, Bermudez Bastard insists that his days of deception and criminal conduct are behind him. (S*ee* Mot. at 2.) But the Court is under no obligation to accept that assertion at face value or to ignore Bermudez Bastard's previous conduct while under court supervision. In light of the record before it and having considered the relevant 3553(a) factors enumerated in 3583(e) – including the additional factors set forth in U.S.S.G. § 5D1.4(b) – the Court finds that an early termination of the previously imposed term of supervised release is not "warranted by the conduct

of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also* U.S.S.G. 5D1.4(b).[3]

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that the motion for early termination of supervised release is DENIED. The Clerk of Court is respectfully requested to terminate the motion pending at Doc. No. 266.

SO ORDERED.

Dated: July 23, 2026
New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

[3] Bermudez Bastard's presidential commutation does not change the Court's analysis. Because the President's commutation order specifically contemplates that Bermudez Bastard will fulfill his term of supervised release, the order does not undermine the Court's conclusion that a five-year term of supervised release is appropriate in light of the relevant section 3553(a) and 5D1.4(b) factors. Courts in this circuit have routinely denied early termination motions filed by supervisees who have received presidential clemency but have not demonstrated that early termination is otherwise appropriate under the controlling factors. *See, e.g.*, *United States v. Brown*, No. 18-cr-604 (JS), 2026 WL 1971300 (E.D.N.Y. July 8, 2026); *United States v. Weiss*, 21-cr-457 (PMH), 2022 WL 3214914 (S.D.N.Y. Aug. 9, 2022).